## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **OWNERS INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 3:14-cv-01009-PMF** |
| | ) | |
| **STEVEN DORSEY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| ———————————————— | ) | |
| | ) | |
| **HASTINGS MUTUAL INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 3:15-cv-00053-PMF** |
| | ) | |
| **PIEDMONT DEVELOPMENT** | ) | |
| **CORPORATION,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

**FRAZIER, Magistrate Judge:**

Presently before the Court are the separate motions to consolidate filed in *Owners Insurance Company v. Steven Dorsey, et al.*, 3:14-cv-01009-PMF and *Hastings Mutual insurance Company v. Piedmont Development Corporation, et al.,* 3:15-cv-00053-PMF. Both cases are insurance declaratory judgment actions filed against the same nine defendants. For the following reasons, the motions to consolidate are hereby GRANTED.

These two declaratory judgment actions arise out of a home construction project and subsequent lawsuit filed in Madison County, Illinois. In short, in December, 2006 Nathaniel and Michelle Mudd purchased a lot in the Fox Creek Estates neighborhood in Edwardsville, Illinois

for $150,000.00. (3:15-cv-00053-PMF, Doc. 2-1, p. 5). The Mudds allege that, unbeknownst to them, a 40' gulley on the property had been filled with improperly compacted material. In August, 2008 the Mudds enter into a contract with Defendant Piedmont to construct a single family home on the property for $1,193,500.00. The home was completed approximately one year later. In the spring of 2012 the Mudds notice cracks in the foundation and the walls of the home. Shortly thereafter the Mudds hire an engineering firm to conduct soil samples around the property. The engineering firm discovered the improper fill material. The Mudds then "expend[ed] significant amounts of their own funds to repair the foundation of their Residence, and [installed] piers to stabilize their sinking Residence." (3:15-cv-00053-PMF, Doc. 2-1, p. 9).

The Mudds filed suit in late 2014 in state court in Madison County, Illinois. The nine defendants in these two cases comprise the same parties in the state court action. Owners Insurance Company ("Owners") and Hastings Insurance Company ("Hastings") are not parties to this underlying state court action. The present two cases arise out separate insurance policies Piedmont had entered into with Owners and Hastings. Owners and Hastings seek declaratory judgment that their respective insurances policies with Piedmont do not include coverage of the Mudds' claims in the underlying state court action. Owners and Hastings now seek to consolidate the two cases.

Rule 42 of the Federal Rules of Civil Procedure provides that a district court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The decision to consolidate falls within the discretion of the trial court judge. *King v. Gen. Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992). "While the court has broad discretion as to the consolidation of actions, it should not consolidate where confusion or prejudice may result." *Am. Photocopy Equip. Co. v. Fair (Inc.)*, 35 F.R.D. 236, 237 (N.D. Ill. 1963) (internal cites omitted).

In the present two cases, there are sufficient common questions of law and fact to justify consolidation. Although the two cases involve separate insurance policies, both cases involve the same defendants and the same underlying lawsuit. Much of the discovery in these cases will be applicable to both and consolidation will expedite and economize the litigation process. Moreover, no party objected to consolidation. Consolidation is therefore appropriate for "convenience and economy in administration" however consolidation does not "merge the suits into a single cause, or change the rights of the parties." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933).

For the foregoing reasons, the Court GRANTS the motion to consolidate; *Owners Insurance Company v. Steven Dorsey, et al.*, 3:14-cv-01009-PMF (Doc. 58) and *Hastings Mutual insurance Company v. Piedmont Development Corporation, et al.*, 3:15-cv-00053-PMF (Doc. 59). All future filings shall bear the consolidated caption used in this order and shall be filed only in *Owners*, 3:14-cv-01009-PMF. The Court will entertain any requests to sever the trial at a later, appropriate stage of this case.

**IT IS SO ORDERED.**

**DATED:**   **July 22, 2015** **.**

> *s/Philip M. Frazier*
> **PHILIP M. FRAZIER**
> **UNITED STATES MAGISTRATE JUDGE**